**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILDA IVON GUEVARA-MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-71695 <br><br> Agency No. A098-920-829 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:    McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Gilda Ivon Guevara-Martinez, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

her appeal from an immigration judge's ("IJ") decision denying her application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010), and review de novo claims of due process violations in immigration proceedings, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Guevara-Martinez testified she was the victim of an attempted rape which she did not report to police. The record does not compel the conclusion that the government of El Salvador was unable or unwilling to protect Guevara-Martinez. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005); *Rahimzadeh*, 613 F.3d at 920-22 (discussing various means by which a petitioner may fill the "gap in proof" left by the absence of a report to the police). Thus, her asylum claim fails.

Because Guevara-Martinez failed to establish eligibility for asylum, her withholding of removal claim also fails. *See Castro-Perez*, 409 F.3d at1072.

Substantial evidence supports the BIA's denial of CAT relief because Guevara-Martinez did not establish she will be tortured by the government of El Salvador or with its consent or acquiescence. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

12-71695

Finally, we reject Guevara-Martinez's contention that the IJ's actions precluded a full and fair hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

12-71695